DMP:ICR/JEA
F. #2020R00508

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | S U P E R S E D I N G<br>I N F O R M A T I O N |
| - against - | |
| | Cr. No. 20-203 (S-1) (BMC) |
| COLINFORD MATTIS and<br>UROOJ RAHMAN, | (T. 18, U.S.C., §§ 371, 844(c)(1),<br>924(d)(1), 982(a)(2)(B), 982(b)(1) and<br>3551 et seq.; T. 21, U.S.C., § 853(p); T. |
| Defendants. | 26, U.S.C., § 5872(a); T. 28, U.S.C.,<br>§ 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

CONSPIRACY TO COMMIT ARSON
AND TO MAKE AND POSSESS AN UNREGISTERED DESTRUCTIVE DEVICE

1.  On or about and between May 29, 2020 and May 30, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants COLINFORD MATTIS and UROOJ RAHMAN, together with others, did knowingly and willfully conspire to (a) maliciously damage and destroy, by means of fire and an explosive, a vehicle and other real and personal property used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, to wit: one or more New York City Police Department ("NYPD") vehicles, contrary to Title 18, United States Code, Section 844(i); and (b) knowingly receive, possess and make a firearm, to wit: an incendiary device, which is a destructive device, as defined pursuant to Title 26, United States Code, Sections 5845(a)(8), 5845(f)(1) and 5845(f)(3), and which was not registered to them in the National Firearms Registration and Transfer Record, contrary to Title 26, United States Code, Sections 5861(d) and 5861(f).

2. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants COLINFORD MATTIS and UROOJ RAHMAN, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) On or about May 29, 2020, in Brooklyn, New York, MATTIS, RAHMAN and other individuals whose identities are known to the United States Attorney used an Internet-based messaging service to discuss, among other things, setting fire to one or more NYPD vehicles;

(b) On or about May 29, 2020 and May 30, 2020, in Brooklyn, New York, MATTIS and RAHMAN purchased gasoline, beer bottles and toilet paper, and used those materials to make Molotov cocktail improvised incendiary devices;

(c) On or about May 30, 2020, MATTIS drove his van carrying RAHMAN and two Molotov cocktail improvised incendiary devices to the NYPD's 88th Precinct Stationhouse in Fort Greene, Brooklyn; and

(d) On or about May 30, 2020, RAHMAN took one Molotov cocktail improvised incendiary device from MATTIS's van, ignited the Molotov cocktail, and threw it into a damaged NYPD sedan that was parked outside of the NYPD's 88th Precinct Stationhouse in Fort Greene, Brooklyn.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

3. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged herein, the government will seek forfeiture in accordance with:

(a) Title 18, United States Code, Section 844(c)(1), which requires the forfeiture of any explosive materials involved or used or intended to be used in the offense; (b) Title 26, United States Code, Section 5872(a) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm involved in any violation of Title 26, United States Code, Section 5861(d); (c) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States; and/or (d) Title 18, United States Code, Section 982(a)(2)(B), which requires the forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 844(c)(1), 924(d)(1), 982(a)(2)(B) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 26, United States Code, Section 5872(a); Title 28, United States Code, Section 2461(c))

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2020R00508

FORM DBD-34
JUN. 85

No.  20-CR-203 (S-1) (BMC)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

COLINFORD MATTIS and UROOJ RAHMAN,

Defendants.

# SUPERSEDING INFORMATION

(T. 18, U.S.C., §§ 371, 844(c)(1), 924(d)(1), 982(a)(2)(B), 982(b)(1) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 26, U.S.C., § 5872(a); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

*Ian C. Richardson and Jonathan E. Algor, Assistant U.S. Attorneys*
*(718) 254-7000*